**REDEVELOPMENT AGENCY OF ROY, a public agency, Plaintiff and Respondent,**

v.

**Keith S. JONES and Loris M. Jones, Defendants and Appellant.**

No. 860108–CA.

Court of Appeals of Utah.

Oct. 15, 1987.

Philip L. Foremaster, St. George, for defendants and appellants.

Harold A. Hintze, Provo, George B. Handy, Ogden, William D. Oswald, Fox, Edwards, Gardiner & Brown, Salt Lake City, for plaintiff and respondent.

Before GREENWOOD, GARFF and BENCH, JJ.

GREENWOOD, Judge:

Defendant, Loris M. Jones, appeals a jury verdict in an eminent domain case which awarded defendants $128,000 for the condemned property and Loris M. Jones

$18,300 in moving expenses.[1] Defendant seeks a new trial or an additur increasing the property award to $150,000 and an award of attorney fees.

On September 17, 1982, plaintiff, the Redevelopment Agency of Roy (the RDA), offered to purchase defendants' property for $150,000. Defendants did not accept the offer. On October 19, 1982, the RDA passed a resolution to acquire the property for use in a redevelopment project. On January 24, 1983, the RDA commenced this action to condemn the property. On May 20, 1983, the RDA filed a motion for immediate occupancy of the property, and the court, sitting without a jury, ruled that the RDA had the right of eminent domain and permitted the RDA to take possession of the property pending further trial and hearing. The issues of just compensation, costs, attorney fees, damages to fixtures or personal property and relocation expenses were reserved for trial.

At trial, both the RDA and defendants called experts to testify regarding the size and value of the property. According to the property description in defendants' warranty deed, Weber County records and the complaint, the boundaries of the pie-shaped piece of property did not close, therefore placing the size of the property in dispute. Defendants, who had the burden of proof and thus presented their case first, called a licensed surveyor and engineer who testified that using standard procedures to calculate the acreage, the property contained 33,129 square feet or 0.7605 acres. The RDA then called a licensed surveyor and engineer who testified that the property was 31,423 square feet.

After both experts had testified and during the cross-examination of one of plaintiff's appraisers, the trial judge stated:

Sometimes a jury is instructed to take judicial notice of certain items. One of the items which the Court will take judicial notice of is as follows: Concerning the size of the property, the Court takes judicial notice of the general principles of mathematics. If this is calculated it will end up between 31,000 feet and 32,000

feet in total. The Court has made this calculation and this is true.

After a discussion off the record with counsel, the judge stated that the property was closer to 32,000 square feet.

On the last day of trial defendants called, as a rebuttal witness, a surveyor and engineer who testified that the property was 36,871.8 square feet. The court disallowed the testimony, stating that the testimony required one of the boundaries to be moved twenty feet. However, the court allowed the expert to testify under another theory, which indicated that the property was between 33,000 and 34,000 square feet.

The jury awarded defendants $128,000 for the property and $18,300 for Mrs. Jones' moving expenses. The judge refused to allow Mrs. Jones to claim relocation expenses for her sons, ages 20 and 23, each of whom had a trailer on the property. The judge also denied defendants' motion for attorney fees under Utah Code Ann. § 11–19–23.9 (1986).

I.

■ The first issue is whether the trial court erred in excluding a portion of the testimony of defendants' rebuttal expert relating to the size of the property. Expert testimony is generally admissible when "(1) it appears that the matter before the jury is not within the knowledge of the average layman or concerns a subject not within average experience, and (2) the testimony is such that it will be an aid to the jurors regarding the issue before them." *Dixon v. Stewart*, 658 P.2d 591, 597 (Utah 1982). The trial judge's determination of whether these requirements are satisfied is given considerable discretion. *Id.; Utah Dep't of Transp. v. Jones*, 694 P.2d 1031, 1034 (Utah 1984).

During the trial in the present case, the judge excluded the portion of defendants' expert's testimony indicating the property was 36,871.8 square feet. The exclusion was apparently because the expert's method of calculating the square footage included moving one property boundary twenty

---

1. Keith S. Jones did not join in this appeal and did not request moving expenses at trial.

feet into the neighbor's property. After reviewing the record, we hold that the exclusion of the expert's testimony was not an abuse of the court's discretion. The court reasonably concluded that the testimony did not comport with the actual undisputed facts, and thus was not scientific nor reliable and could be excluded as lacking proper foundation.

## II.

■ The second issue raised on appeal is whether the trial court erred in instructing the jury that the property was between 31,000 and 32,000 square feet, thereby failing to allow the jury to determine the size of the property. The Utah Supreme Court has stated that unless a question is free from doubt, the court cannot pass upon it as a question of law. *Newton v. Oregon Short Line R. Co.,* 43 Utah 219, 134 P. 567, 570 (1913); *see also Flynn v. W.P. Harlin Constr. Co.,* 29 Utah 2d 327, 509 P.2d 356, 360 (1973). If reasonable minds could differ, then the issue is a question of fact for the jury and not one of law for the court. *Newton,* 134 P. at 570. Further, the Utah Supreme Court has stated that the right of trial by jury should be carefully safeguarded by the courts and when a party demands a jury trial, that party is entitled to have the benefit of the jury's findings on issues of fact. *Mel Hardman Productions, Inc. v. Robinson,* 604 P.2d 913, 917 (Utah 1979); *Flynn,* 509 P.2d at 360 (1973); *First Security Bank v. Ezra C. Lundahl, Inc.,* 22 Utah 2d 433, 454 P.2d 886, 889 (1969).

In the present case, the size of the property, which was plainly disputed by the experts, was an issue of fact for the jury. Instead of allowing the jury to weigh the credibility and experience of the experts, the judge informed the jury that he was taking judicial notice that the property was between 31,000 and 32,000 square feet and later stated that it was closer to 32,000 square feet.

According to Utah R.Evid. 201(b), "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." In this case, the size of the property was not generally known. Furthermore, due to the defect in the legal description, it was not subject to exact determination, as was demonstrated by three experts who disagreed as to its size. Therefore, the judge erred in judicially noticing the size of the property and failing to submit that issue to the jury.

However, we must also consider whether or not the error was prejudicial. An "error or defect in any ruling or order or in anything done or omitted by the court" shall be disregarded unless it affects the substantial rights of the parties. Utah R.Civ.P. 61. Such error is harmless unless it probably would have had a "substantial influence in bringing about a different verdict." *Redevelopment Agency v. Tanner,* 740 P.2d 1296, 1303–04 (Utah 1987); *Hill v. Hartog,* 658 P.2d 1206, 1208 (Utah 1983); *Gillmor v. Gillmor,* 657 P.2d 736, 743 (Utah 1982). In reviewing such an error, the evidence is viewed in the light most favorable to the jury verdict. *Hill,* 658 P.2d at 1209.

■ In the case before this court one expert testified that the property was 33,-129 square feet, another that it was between 33,000 and 34,000 square feet and a third that it was 31,423 square feet. The judge's estimate that the property was close to 32,000 square feet falls within the experts' estimates. Therefore, the jury's award could have been based on the experts' testimony as easily as that of the judge. Viewing the evidence in the light most favorable to the verdict, we find the judge's error in judicially noticing the size of the property rather than submitting the issue to the jury to be harmless error, as the evidence properly admitted at trial independently supports the jury verdict.

## III.

■ Defendant's third claim on appeal is that the trial court erred in refusing to allow moving costs for defendant's business and family. Utah Code Ann. § 11–19–23.9(2) (1986) provides that a jury may

award a reasonable sum as compensation for the costs and expenses of relocating the owner whose property is acquired or a party conducting a business on the property. Since the statute is permissive, it is within the discretion of the jury to determine allowable compensation. We find the jury's award of $18,300 to be reasonable and affirm that award.

### IV.

█ Defendant's final claim is that under Utah Code Ann. § 11–19–23.9 (1986) she is entitled to attorney fees. Section 11–19–23.9 states that a court may award attorney fees if the jury or trier of fact awards more to a property owner than the original offer of the condemning agency. Defendant claims that if the award of $128,000 is calculated on a square footage basis, it is greater than the condemning agency's offer of $150,000.

We find appellant's contention meritless. First, the statute is permissive. Second, the award is not higher than the total amount actually awarded. We therefore reject defendant's claim for attorney fees.

Affirmed.

GARFF and BENCH, JJ., concur.